PER CURIAM:
Honorable Reubin O’D. Askew
Gdvernor of Florida
The Capitol
Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your communication of June 28, 1973, requesting our opinion as to the interpretation of a portion of the Florida Constitution affecting your executive powers and duties as authorized by Section 1(c), Article IV, Florida Constitution, 1968 Revision, F.S.A., and *329 Rule 2.1, subd. h., Florida Appellate Rules, 32 F.S.A.
Omitting the formal parts, your letter reads as follows:
“Under Section 11 of the revised Article V, Florida Constitution, it is my duty to fill by appointment vacancies in judicial office. Chapter 73-329, Laws of Florida, (House Bill 2224) was enacted by the Florida Legislature during the extended Regular Session of 1973 and approved by me on June 25, 1973. It becomes effective on July 1, 1973. Chapter 73-329, Laws of Florida, creates several new judgeships at the circuit and county court levels in Florida.
“Based upon information provided my office by the Department of State, the State Courts Administrator, and the staff of the House Judiciary Committee, it appears that the attached list summarizes the number and status of county judgeships which exist prior to July 1, 1973, (effective date of Chapter 73-329, Laws of Florida) and suggests the number and status of the judge-ships as would exist after July 1, 1973.
“Section 3 of Article X, Florida Constitution, defines a vacancy in office and provides that a vacancy ‘shall occur upon the creation of an office . ’ Accordingly, it is nécessary for me to notify the Judicial Nominating Commission in several circuits of the State in order that they may begin the judicial selection process as soon after the effective date of Chapter 73-329, Laws of Florida, as possible.
“Appointments cannot be made, nor can judicial nominating commissions begin their labors, until the exact number and nature of the vacancies created by Chapter 73-329, Laws of Florida, are determined and clarified. I have been advised that two differing interpretations of Chapter 73-329 sflre possible with reference to the ‘temporary’ judgeships referred to in § 34.-023, Florida Statutes. Because of this uncertainty, a question exists concerning the existence of ‘new’ judgeships in the counties of: Collier, Martin, Saint Lucie and Walton in view of the context of existing statutory law and the ‘Schedule’ (§ 20) of the revised Article V.
“Section 20(d)(5) of the revised Article V provides:
“ ‘Judges, holding elective office in all other courts abolished by this article, whose terms do not expire in 1973 including judges established pursuant to Article VIII, sections 9 and 11 of the Constitution of 1885 shall serve as judges of the county court for the remainder of the term to which they were elected. Unless created pursuant to section 9, of this Article V such judicial office shall not continue to exist thereafter. (emphasis added.)
“Section 34.023, Florida Statutes (1972 Supp.), which appears to implement Section 20(d)(5) of the revised Article V, provides:
“ ‘Temporary tenure of certain judges: —In all counties in which there is created only one county court judge, in addition to that one position, the judges holding elective office in courts abolished by the revision of Art. V, state constitution, who are not elevated to circuit court and whose terms do not expire in 1973 shall serve as judges of the county court for the remainder of the term to which they were elected. At the end of the term of such offices or upon a vacancy in such office, whichever occurs sooner, the office shall stand abolished. Compensation for these offices shall be paid by the county in amount to be determined by the county.’
“It appears that the effect of these provisions was to ‘carry over’ certain small claims and magistrate judgeships as ‘temporary’ county judgeships. With regard to § 34.023, Florida Statutes, I am advised that seven such ‘temporary’ judgeships were recognized on the effective date of the revised Article V. Three of the judges holding these temporary judgeships have, I *330 am advised, resigned or vacancies in such offices have been otherwise created, the result of which is that these ‘temporary’ offices ‘stand abolished.’ Under § 34.023, Florida Statutes, four ‘temporary’ judge-ships remain in the counties of: Collier, Martin, Saint Lucie and Walton.
“Chapter 73-329, Laws of Florida, amends § 34.022, Florida Statutes, relating to the number of permanent county judge-ships. Chapter 73-329 does not appear to amend or repeal § 34.023, Florida Statutes, nor has any other legislation been passed by the 1973 Legislature, to my knowledge, which affects this statute.
“I am advised that Chapter 73-329, was enacted pursuant to the ‘Certificate of Judicial Manpower’ filed as Case No. 43592 in the Supreme Court of Florida, pursuant to Section 9 of the revised Article V. The original certificate recommended that seven (7) judges holding office under § 34.-023, Florida Statutes, be made permanent and funded by the State. In an amended certificate filed on April 2, 1973, it appears that this Court recommended that the ‘temporary’ county judgeships in Collier, Martin and Saint Lucie Counties be made permanent and funded by the State. A recommendation was also apparently made to the effect that the ‘temporary’ judgeship in Walton County be funded by the State, but not be made permanent.
“One view of the above circumstances suggests that because the Legislature did not amend or repeal § 34.023, Florida Statutes, it did not intend to alter the status of the three ‘temporary’ judges holding office in Collier, Martin and Saint Lucie Counties. By simply amending § 34.022, Florida Statutes, to provide additional county judgeships, the Legislature may be said to have intended that these counties have three county judgeships each, i. e. two permanent county judgeships and one temporary county judgeship.
“Another view — and one which in light of the Court’s certification appears to be more plausible — is that the Legislature was attempting to follow the Court’s recommendation made pursuant to its mandate of Section 9 of the revised Article V. Pursuant to this view, the Legislature would have intended to make permanent the ‘temporary’ judgeships in Collier, Martin and Saint Lucie Counties in accordance with the provisions of Section 20(d)(5), which provides that the temporary county judge-ships are abolished unless the judgeships are created pursuant to Section 9 of the revised Article V, and thus made permanent by the Legislature.
“In view of the above-described provisions of the Florida Constitution and statutes, I am in doubt concerning my constitutional duty to fill by appointment vacancies in judicial office. I have the honor, therefore, to request your written opinion on the following questions:
“1. ’ Will a ‘vacancy’ as defined in Section 3 of Article X, Florida Constitution exist on July 1, 1973, in the office of judges of the county court in the following counties: Collier, Martin, Saint Lucie and Walton?
“2. What is the term of office of the aforementioned judgeships, if it is your opinion that such judgeships have been made permanent by the enactment of Chapter 73-329 ?”
Fla.Const., art. V, § 9, F.S.A., relating to the determination of the number of judges in the State, requires that the Supreme Court file a certificate with the Legislature certifying the need for increasing or decreasing the number of judgeships. Accordingly, on April 2, 1973, the Supreme Court published its certificate setting forth recommendations on the number of additional judges needed during fiscal 1973— 1974 for both the circuit courts and the county courts. Amendment One to the certificate was filed on April 30, 1973, and contained the following:
“Additional information having been received and the previous recommendations *331 having been reviewed accordingly, the Certificate is revised and amended to read as follows:

“Circuit Courts:

10th 1
19th 1
2 Circuit Judges TOTAL
“ *County Courts:
Dade 3
Hillsborough 1
Palm Beach 1
St. Johns 1
Marion 1
Osceola 1
Leon 1
Escambia 1
Alachua 1
TOTAL 11 County Judges
“*The changes from the initial certificate are a reduction of the judges recommended for Dade County from 7 to 3; reduction of the judges recommended for Hillsborough County from 2 to 1; deletion of a recommendation for Seminole County; addition of a recommendation for 1 additional county judge in Escam-bia County; addition of a recommendation for 1. additional county judge in Alachua County.
“The Court’s recommendation appearing in the Certificate regarding the expiration of terms is deleted.
“The Court’s recommendation as to the county judges presently paid by their respective counties is revised as follows:
“Collier: The position currently held by Lynne Hixon Holley, Naples, should be made permanent and funded by the State.
“Martin: The position currently held by David Harper, Stuart, should be made permanent and funded by the State.
“St. Lucie: The position currently held by Wm. G. Tye, Ft. Pierce, should be made permanent and funded by the State.
“Walton: The Court now recommends that the position held by Odell O. Thompson, DeFuniak Springs, not be made permanent; however, this position should be funded by the State.”
Fla.Const, art. V, § 20(d)(5), F.S.A., quoted in your request, provides that judges holding elective offices in all other courts abolished by the new Constitution that have not been retained in either the county court or the circuit court and whose terms do not expire in 1973, shall serve temporarily for the remainder of their term. It is also provided that the office shall not continue to exist after the expiration of the individual term of each judge unless created pursuant to Fla.Const., art. 9, § 9. F.S.A.
Fla.Stat., § 34.023, F.S.A., relating to temporary tenure of certain judges, implements Fla.Const., art. V, § 20(d)(5), F.S. A., and provides that these temporary judges serving the remainder of their terms shall be compensated by the county and at the end of their terms, or upon a vacancy, such office shall stand abolished.
The original certificate of judicial manpower filed in Case No. 43,592, on April 2, 1973, recommended that seven judges holding office under Fla.Stat. § 34.023, F.S.A., be made permanent and be funded by the State. Thereafter, it appeared that three judges had resigned. The certificate of judicial manpower was then amended, as quoted above, so that the Court recommended permanent judgeships in Collier, Martin and St. Lucie Counties (funded by the State) but recommended that the judge *332 in Walton County be paid by the State and remain temporary.
As noted above, Fla.Const., art. V, § 20(d)(5), F.S.A., provides that the temporary-tenured judges shall serve only for the remainder of the term to which they were elected unless created pursuant to Fla.Const., art. V, § 9, F.S.A. In accordance with this provision, the Supreme Court recommended that these temporary judgeships in Collier, Martin and St. Lucie Counties be made permanent. In accordance with the Court’s recommendation, the Legislature added a permanent county judgeship to each of these counties and responded directly to the Court’s recommendation. The only logical conclusion is that the Legislature intended to make permanent the judgeships now held by the temporary judges in Collier, Martin and St. Lucie Counties.
On the other hand, Fla.Stat. § 34.-023, F.S.A., remains in effect and applies to Walton County.
Fla.Stat. (1972 Supp.) § 34.022, F.S.A., set forth the number of county court judges for each county effective January 1, 1973. Ch. 73-329, Laws of Florida (effective July 1, 1973) amends Fla.Stat. § 34.022, F.S.A., to increase the number of county court judges in certain counties, including Collier, Martin and St. Lucie Counties. The new statutory authorization was enacted pursuant to Fla.Const., art. V, § 9, F.S.A., and in accordance with the recommendations of the amended certificate of judicial manpower filed by this Court. The creation of these additional permanent county court judgeships further implement the schedule provisions in Fla. Const., art. V, § 20(d)(5), F.S.A., which abolishes the judgeship after expiration of the term “unless created pursuant to Section 9 of this Article V.”
If these sections are read together, it is apparent that the Legislature has expressed its intent to establish permanent judgeships in Collier, Martin and St. Lucie Counties, leaving only Walton County with a judge of temporary tenure subject to the provisions of Fla.Stat. § 34.023, F.S.A. It being the intent of the Legislature to make the judgeships in Collier, Martin and St. Lucie Counties permanent, there is no “vacancy” for the Governor to fill by appointment in these three instances, as the temporary judges continue in office at least until the expiration of their terms, despite the fact that their office has been permanently authorized.
The office of the judge of the county court of temporary tenure was actually created by Fla.Stat. § 34.023, F.S.A., effective January 1, 1973, although for a limited period of time. In accordance with the schedule of Fla.Const., art. V, F.S.A., and the terms of the statute itself, the judge holding elective office in courts abolished by the revision of Article V, who were not elevated to the circuit court and whose terms did not expire in 1973, were accorded the right to serve as judges of the county court for the remainder of the term to which they were elected. The Legislature has now acted to make these offices permanent pursuant to the Court’s recommendation in its certificate of judicial manpower.
Ch. 73-329, Laws of Florida, does not create a vacancy in the context of Fla. Const., art. X, § 3, F.S.A., providing that a vacancy . . shall occur upon the creation of an office.” Ch. 73-329, Laws of Florida, merely continued indefinitely the tenure of offices originally created pursuant to Fla.Const., art. V, F.S.A.
A corporeal vacancy in such offices would not occur until the expiration of the term of the incumbent who previously served as a county court judge of temporary tenure. Although a vacancy was created in each of the county courts by the creation of the office on January 1, *333 1973, the same Constitution which created the office also provided that certain inferi- or judges were to continue to serve as judges of the county court until the expiration of their term. As long as the same document that created the office also provided the method of filling the vacancy thus created, the regular means of executive appointment was not meant to be followed with respect to these initial vacancies.
It is unnecessary to determine the issue' with respect to Walton County, as no new position or increase in the number of permanent authorized county court judges was made by Ch. 73-329, Laws of Florida.
In view of the fact that both the schedule of Fla.Const., art. V (Fla.Stat. §§ 20(d)(5) and 34,023), F.S.A., provide that the affected judges of temporary tenure shall continue for the remainder of the term to which they were elected, the terms of such judges will expire at the same time as they would ordinarily expire in accordance with their original election. In other words, the affected county court judges of temporary tenure whose offices are made permanent by Ch. 73-329, Laws of Florida, shall hold office until the expiration of the original term to which they were elected, at which time the office should be filled by the elective process in accordance with law.
In the event of a vacancy prior to the expiration of the judges original term, the Governor may fill such vacancy by appointment for an odd interim term “. . . ending on the first Tuesday after the first Monday in January of the year following the next primary and general election . . . .” Fla.Const., art. V, § 11(a), F.S.A.
In summary, we advise you as follows:
1. A “vacancy” as defined in Fla. Const., art. X, § 3, F.S.A., did not exist on July 1, 1973, in the office of the judges of the county court in the following counties: Collier, Martin, St. Lucie and Walton.
2. The term of office of the aforementioned judgeships expires at the time they would ordinarily expire in accordance with their original election.
Respectfully yours,
(s) VASSAR B. CARLTON Chief Justice
(s) B. K. ROBERTS
(s) RICHARD W. ERVIN
(s) JAMES C. ADKINS, Jr.
(s) JOSEPH A. BOYD, Jr.
(s) DAVID L. McCAIN
(s) HAL P. DEKLE Justices